PER CURIAM:
On or about October 19, 1990, approximately 6:00 p.m., the claimant, a resident of Fairmont, Marion County, was driving his 1988 Ford F150 pick-up truck with at boat in tow on Manley Chapel Road, a Marion County road identified to the Court as County Route 56/1. The claimant alleges that his truck went through a hole at the right edge of this road, described as two and a half feed long, with an unknown depth, at an unidentified location near Fairmont, Marion County. The hole was first observed by the claimant some 40 to 50 yards prior to the truck striking the hole. The claimant testified that the hole was filled with water, and he was therefore unable to anticipate its depth. He made no effort to slow down his truck or to drive around it. The hole is alleged by the claimant to have damaged the alignment of his pick-up truck. An estimate for the alignment repair was provided by claimant in the amount of $130.00, with an additional $31.80 claimed for the cost of the alignment estimate. The total initial claim was filed in the amount of $161.80. The realignment has not been preformed. Claimant also alleges additional expenses due to excessive wear caused by misalignment of the front tires. By amended complaint the claimant now requests the replacement of the front tires which were driven some 8,000 miles since the date of the accident. An estimate has been provided in the amount of $200.00 for new front tires. The claimant testified that the front tires currently have 31,000 miles of wear and had 23,000 miles of wear at the time of the accident. The amended complaint also requests reimbursement for wage loss while the claimant attended Court to present his claim, related travel expenses, and the cost of film and developing used in the preparation of his claim. The total amended claim is now stated in the amount of $495.30. claimant maintains full vehicle coverage with Horace Mann Insurance Company, with a deductible believed to be $250.00. He has not submitted the claim to his insurer. No witness testified for the claimant nor was evidence provided by the claimant to establish that the alleged road defect was known to the respondent.
The issue before the Court is whether the respondent had prior notice and a reasonable amount of time to correct the road defect before the claimant’s accident. The evidehce indicates that the respondent did not have prior notice, and the claimant has failed to prove otherwise. The burden of proof is upon the claimant to demonstrate by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect. As the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways, the Court must deny the claim. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be held liable for damage caused by the road defect, it must have had actual or constructive notice of the condition and a reasonable amount of time to take corrective action. Davis v. Dept. of Highways, 11 Ct. Cl. 150 (1977). It appears to this Court that the requisite notice was not *96 provided to respondent.
The law of damages requires a correlative duty upon the part of the claimant to minimize damages. In other words, damages are not compensable where they have been unnecessarily escalated, or could have been attenuated. Accordingly, the claim for a new set of tires could not have been awarded without an appropriate offset since an alignment would have prevented the excessive wear before the additional 8000 miles were driven.
It should be further noted that expenses incurred in the courses of preparing and prosecuting claims before this Court are the responsibility of the individual litigants and are not compensable.
For the foregoing reasons, the Court is of the opinion to and does deny this claim.
Claim disallowed.